Serial: **258407**

IN THE SUPREME COURT OF MISSISSIPPI

No. **89-R-99011-SCT**

*IN RE: COMMISSION ON CONTINUING LEGAL EDUCATION*

**FILED**

SEP 2 3 2025

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

## EN BANC ORDER

Before the Court are the Expedited Petition to Amend the Rules and Regulations for Mandatory Continuing Legal Education and the Amended Expedited Petition to Amend the Rules and Regulations for Mandatory Continuing Legal Education filed by the Mississippi Commission on Continuing Legal Education. After due consideration, the Court finds the petitions should be granted and the rules shall be amended as set forth in Exhibit A.

IT IS, THEREFORE, ORDERED that the Expedited Petition to Amend the Rules and Regulations for Mandatory Continuing Legal Education and the Amended Expedited Petition to Amend the Rules and Regulations for Mandatory Continuing Legal Education are hereby granted as set forth in Exhibit A. The amendment is effective immediately.

IT IS, FURTHER, ORDERED that the Clerk of this Court shall spread this Order upon the minutes of the Court and shall forward a true copy hereof to West Publishing Company for publication in the next edition of the *Mississippi Rules of Court* and in the *Southern Reporter, Third Series (Mississippi Edition)*.

SO ORDERED, this the 3rd day of September, 2025.

LESLIE D. KING, PRESIDING JUSTICE

**AGREE:**     **RANDOLPH, C.J., KING AND COLEMAN, P.JJ., MAXWELL, CHAMBERLIN, ISHEE, SULLIVAN AND BRANNING, JJ.**

**DISAGREES:     GRIFFIS, J.**

**COLEMAN, P.J., AGREEING WITH THE ORDER WITH SEPARATE WRITTEN STATEMENT, JOINED BY RANDOLPH, C.J., KING, P.J., MAXWELL, CHAMBERLIN, ISHEE, SULLIVAN AND BRANNING, JJ.**

**GRIFFIS, J., OBJECTING TO THE ORDER WITH SEPARATE WRITTEN STATEMENT.**

# EXHIBIT A

## RULES AND REGULATIONS FOR MANDATORY CONTINUING LEGAL EDUCATION

**Rule 1.**     **Continuing Legal Education Commission**

    **d.**     Financing:

        1.     Sponsors seeking application to hold CLE programs and/or courses that charge Mississippi attorneys a fee to attend shall pay a $50.00 fee per course, once said course is approved, as a condition of accreditation. This fee shall not apply to any sponsor who offers free CLE course hours to its attendees.

        2.     Sponsors of CLE programs to be held within the State of Mississippi shall, as a condition of accreditation, agree to remit a list of Mississippi attendees and to pay a fee of two dollars ($2.00) per credit hour for each State Bar member who attends the program and is subject to mandatory continuing legal education. Such lists and fees shall be submitted to the Commission within thirty (30) days of said program.

        3.     Individual attorneys who either attend approved CLE programs outside the State of Mississippi, or attend unapproved CLE programs within the State of Mississippi that would have been approved for credit except for failure of the sponsor to pay the fee described in the preceding paragraph, shall pay a fee of two dollars ($2.00) for each credit hour claimed. Such fees shall accompany the attorney's annual report of compliance to the Commission.

# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 89-R-99011-SCT

**In Re: Commission on Continuing Legal Education**

**COLEMAN, PRESIDING JUSTICE, AGREEING WITH THE ORDER WITH SEPARATE WRITTEN STATEMENT:**

¶1.     In his separate written statement objecting to the order, Justice Griffis accuses his other eight colleagues, all of whom have voted to agree with the order, of acting without sufficient supporting financial information from the Commission regarding why it needs the increased revenue or what it plans to do with the revenue.

¶2.     In its Amended Expedited Petition to Amend the Rules and Regulations for Mandatory Continuing Legal Education, the Commission represents to the Court that it intends to use the newly generated funds to help pay the salaries of an administrator, an assistant, and a part-time assistant.  The Commission provides the Court with a line-item estimate of the costs of each position.  The Commission also represents to the Court that it intends to defray the costs of IT support for the Commission's work and provides an estimated cost for that as well.

¶3.     In short, the Commission, in my view, has provided sufficient information to show the Court it has a plan to address the "turmoil and upheaval" of which it writes in its petition.

**RANDOLPH, C.J., KING, P.J., MAXWELL, CHAMBERLIN, ISHEE, SULLIVAN AND BRANNING, JJ., JOIN THIS SEPARATE WRITTEN STATEMENT.**

# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 89-R-99011-SCT

**In Re: Commission on Continuing Legal Education**

**GRIFFIS, JUSTICE, OBJECTING TO THE ORDER WITH SEPARATE WRITTEN STATEMENT:**

¶1. The Commission on Continuing Legal Education has filed three Petitions to Amend Rule 1(d) of the Rules and Regulations for Mandatory Continuing Legal Education.

¶2. The first Petition, Petition 1, sought to increase the fee per credit hour from $2.00 to $3.00, a 50 percent increase. In Petition 1, the Commission presented this Court with no supporting financial documentation, no projection of the additional revenue to be generated, and no projection of planned increased expenditures. Despite the lack of supporting information, the Commission asked this Court to approve a 50 percent revenue increase with little to no explanation as to how the new revenue would be spent.

¶3. The second petition, Petition 2, was filed on June 5, 2025. In Petition 2, the Commission advised the Court that, in February 2025, the Commission instituted a new $50 application fee for any CLE course in Mississippi. As a result, the Commission collected more than $11,000 in application fees that were *not authorized* by the Rules and Regulations for Mandatory Continuing Legal Education (CLE Rules) and were not approved by this Court. Instead, the Commission instituted this fee on its own and did not provide this Court's Committee on the Legal Profession with notice of any proposed changes to the CLE Rules.

¶4. In Petition 2, the Commission apologized for implementing this fee without this Court's prior approval. The Commission also stated that it was committed to seek this Court's approval before any further fee increase occurs. In essence, the Commission has confirmed that it will now follow the law. But the Commission does not commit to refund the more than $11,000 that it illegally collected.

¶5. Petition 2 asked this Court to approve the $50 application fee. Based on last year's numbers, the executive director of the Administrative Office of the Courts has estimated that this new fee will generate additional revenue of $240,900. Yet, once again, the Court does not have adequate financial information to approve this request. The financial information submitted by AOC does not explain why the Commission needs an additional $250,000 in revenue, a substantial amount more than its existing legislatively approved budget, and what it plans do with this new fee.

¶6. The only reason given for this significant increase in revenue is the statement that the Commission has been in *"a time of turmoil and upheaval."* (Emphasis added.) But this Court has received no report or information as to this "turmoil and upheaval" and no plan for the future operation of the Commission. Despite this lack of information or explanation, this Court has not received adequate information as to how doubling the Commission's budget is now necessary to complete its assigned responsibility.

¶7. Then, on July 2, 2025, the Commission filed an *Amended* Expedited Petition to Amend the Rules and Regulations for Mandatory Continuing Legal Education, Petition 3.

2

Petition 3 again asked this Court to add the following language to Rule 1(d) in the CLE Rules:

d. Financing

1. Sponsors seeking application to hold CLE programs and/or courses that charge Mississippi attorneys a fee to attend shall pay a $50.00 fee per course, once said course is approved, as a condition of accreditation. This fee shall not apply to any sponsor who offers free CLE course hours to its attendees.

¶8. This Court's approval of this Petition and the change to Rule 1(d) creates a conflict in the CLE Rules. Petition 3 is premised on the Commission's receiving application fees from at least three thousand CLE sponsors. But Rule 4, Regulation 4.14 lists a voluminous number of CLE vendors, and Regulation 4.14 provides that the listed vendors' events are "presumptively approved for credit." This Rule change does not state whether these vendors who are "presumptively approved for credit" must also pay the $50 application fee required by Rule 1(d). If a listed CLE vendor is "presumptively approved for credit" under Regulation 4.17, there is no reason for the "presumptively approved" vendors to file an application or pay the $50 application fee. Instead, they will simply let the attendees pay the $2 per hour fee under current Rule 1(d)(2), proposed Rule 1(d)(3). This should be clarified.

¶9. Indeed, this Court and the Commission are aware that other Rules changes need to be made if this Petition is granted. Yet the Commission has not finalized those Rules changes for submission to this Court. I object to this order on the grounds that the Rules changes need to be finalized and need to be part of a comprehensive plan presented to the Court and

3

the Committee on the Legal Profession before we agree to double the revenue of the Commission.